Form 151

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Richard E. Lawrence Jr.**
    Debtor(s)

Bankruptcy Case No.: 20−10080−TPA

Chapter: 13
Docket No.: 54 − 53
Concil. Conf.: 5/18/21 at 09:30 AM

### CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than 18 years of age and that

on the ____7th____ day of ____May 6, 2021____, __2021__, I served a copy of the within *Order* together with the *Notice of Proposed Modification to Confirmed Plan* and the *Amended Plan* filed in this proceeding, by (describe the mode of service):

REGULAR US POSTAL SERVICE

on the respondent(s) at (list names and addresses here):

SEE ATTACHED ,MAILING MATRIX

Executed on ____May 7, 2021____
          (Date)

/s/ Leslie Nebel
_____
          (Signature)

Leslie Nebel. 707 Grant Street, Suite 2830, Pittsburgh, PA  15219
_____
(Type Name and Mailing Address of Person Who Made Service)

Label Matrix for local noticing
0315-1
Case 20-10080-TPA
WESTERN DISTRICT OF PENNSYLVANIA
Erie
Mon Mar  8 11:22:52 EST 2021

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Ally Financial
Attn: Bankruptcy
Po Box 380901
Bloomington, MN 55438-0901

Ally Financial
P.o. Box 380901
Bloomington, MN 55438-0901

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

BP Credit Card
C-O PO Box 965024
Orlando, FL 32896-0001

Behalf
PO Box 781468
Philadelphia, PA 19178-1468

Bureaus Investment Group Portfolio No 15 LLC
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 30281
Salt Lake City, UT 84130-0281

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Citgo Credit Card
9510 W. 67th St.
Shawnee, KS 66203-3614

Citi/L.L. Bean
Attn: Bankruptcy
Po Box 6742
Sioux Falls, SD 57117-6742

Citi/L.L. Bean
Po Box 6497
Sioux Falls, SD 57117-6497

Citibank
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179-0034

Citibank
Po Box 6217
Sioux Falls, SD 57117-6217

Citibank/Best Buy
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179-0034

Citibank/Best Buy
Po Box 6497
Sioux Falls, SD 57117-6497

(p)CITIZENS BANK N A
ATTN BANKRUPTCY TEAM
ONE CITIZENS BANK WAY
JCA115
JOHNSTON RI 02919-1922

(p)CONTINENTAL FINANCE COMPANY LLC
PO BOX 8099
NEWARK DE 19714-8099

Crawford County Tax Claim Bureau
903 Diamond Park
Meadville, PA 16335-2694

Dental first
PO Box 182120
Columbus, OH 43218-2120

Department Stores National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA  98083-0657

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2222

FedLoan Servicing
Attn: Bankruptcy
Po Box 69184
Harrisburg, PA 17106-9184

FedLoan Servicing
Pob 60610
Harrisburg, PA 17106-0610

First Financial Investment Fund Holdings, Ll
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Giant Eagle
PO Box 182789
Columbus, OH 43218-2789

Home Depot
5800 South Corporate Place
Sioux Falls, SD 57108-5027

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Kabbage
PO Box 77081
Atlanta, GA 30357-1081

KeyBank
4910 Tiedeman Road
Brooklyn, OH 44144-2338

KeyBank
4910 Tiedeman Road
Oh-01-51-0622
Brooklyn, OH 44144-2338

Kohls/Capital One
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201-3043

Kohls/Capital One
Po Box 3115
Milwaukee, WI 53201-3115

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Richard E. Lawrence Jr.
10143 Williamson Road
Meadville, PA 16335-5159

Meadville Medical Center
PO Box 219714
Kansas City, MO 64121-9714

Mercury Card
1415 Warm Springs Rd
Columbus, GA 31904-8366

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

NCR-eRecovery
506 Manchester Expressway
Suite A12
Columbus, GA 31904-6482

Brian Nicholas
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106-1541

Nordstrom FSB
13531 E. Caley Ave
Englewood, CO 80111-6505

Nordstrom FSB
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155-6555

Nordstrom, Inc.
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

Office of the United States Trustee
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222-3721

(p)PNC BANK RETAIL LENDING
P O BOX 94982
CLEVELAND OH 44101-4982

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Paypal Working Capital
PO Box 5018
Lutherville Timonium, MD 21094-5018

Pennsylvania Department of Revenue
Bankruptcy Division
P.O. Box 280946
Harrisburg, PA 17128-0946

Pennsylvania Dept. of Revenue
Department 280946
P.O. Box 280946
ATTN: BANKRUPTCY DIVISION
Harrisburg, PA 17128-0946

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Snap On Crdt
950 Technology Way
Libertyville, IL 60048-5339

Snap On Crdt
950 Technology Way
Suite 301
Libertyville, IL 60048-5339

Staples Business
PO Box 78004
Phoenix, AZ 85062-8004

Kenneth M. Steinberg
Steidl & Steinberg
Suite 2830 Gulf Tower.
707 Grant Street
Pittsburgh, PA 15219-1908

Syncb/PPC
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Syncb/PPC
Po Box 965005
Orlando, FL 32896-5005

Syncb/ebay
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Syncb/ebay
Po Box 965013
Orlando, FL 32896-5013

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Synchrony Bank
c/o of PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank/Amazon
Attn:  Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Amazon
Po Box 965015
Orlando, FL 32896-5015

Synchrony Bank/Care Credit
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Care Credit
C/o Po Box 965036
Orlando, FL 32896-0001

TD Bank USA, N.A.
C/O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Target
Po Box 673
Minneapolis, MN 55440-0673

Target
c/o Financial & Retail Srvs
Mailstop BT POB 9475
Minneapolis, MN 55440-9475

The Bureaus Inc
650 Dundee Road
Northbrook, IL 60062-2747

The Bureaus Inc
Attn: Bankruptcy
650 Dundee Rd, Ste 370
Northbrook, IL 60062-2757

Wayfair
c/o Comenity Bank
PO Box 182789
Columbus, OH 43218-2789

Ronda J. Winnecour
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219-2702

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Amazon Visa
PO Box 15369
Wilmington, DE 19850

(d)Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850

(d)Chase Card Services
Po Box 15369
Wilmington, DE 19850

Citizens Bank
480 Jefferson Blvd
Warwick, RI 02886

(d)Citizens Bank
Attention: ROP-15B
1 Citizens Drive
Riverside, RI 02940

(d)Citizens Bank N.A.
One Citizens Bank Way
Mailstop: JCA115
Johnston, RI 02919

Continental Finance Company
Attn: Bankruptcy
Po Box 8099
Newark, DE 19714

(d)Continental Finance Company
Pob 8099
Newark, DE 19714

Deptartment Store National Bank/Macy's
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

(d)Deptartment Store National Bank/Macy's
Po Box 8218
Mason, OH 45040

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

PNC BANK N.A.
PO BOX 94982
CLEVELAND, OH 44101

```
(d)PNC Bank                          (d)PNC Bank                        (d)PNC Bank, N.A.
Attn: Bankruptcy                     Po Box 3180                        P.O. Box 94982
Po Box 94982: Mailstop Br-Yb58-01-5  Pittsburgh, PA 15230               Cleveland, OH 44101
Cleveland, OH 44101


(d)PNC Bank, N.A.                    (d)Pnc Mortgage                    (d)Pnc Mortgage
PO Box 94982                         Attn: Bankruptcy                   Po Box 8703
Cleveland, OH 44101                  3232 Newmark Drive                 Dayton, OH 45401
                                     Miamisburg, OH 45342


Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Capital One                       (u)PNC Mortgage, a Division of PNC Bank, Nati    End of Label Matrix
Po Box 30281                                                                          Mailable recipients   74
Salt Lake City, UT 84130-0281                                                         Bypassed recipients    2
                                                                                      Total                 76
```

Form 222

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Richard E. Lawrence Jr.**
   Debtor(s)

Bankruptcy Case No.: 20−10080−TPA

Chapter: 13
Docket No.: 54 − 53
Concil. Conf.: 5/18/21 at 09:30 AM

## <u>ORDER</u>

      **IT IS HEREBY ORDERED** that, the Debtor(s) shall immediately serve a copy of this *Order,* the *Notice of Proposed Modification to Confirmed Plan* and the *Amended Plan Dated March 8, 2021* on the Chapter 13 Trustee and all parties on the mailing matrix and complete and file the accompanying *Certificate of Service* with the Clerk.

      On or before **April 16, 2021,** all *Objections* must be filed and served on the Debtor(s), Chapter 13 Trustee and any creditor whose claim is the subject of the *Objection.* Untimely *objections* will not be considered.

      On **5/18/21** at **09:30 AM,** a Conciliation Conference on the Debtor(s)' *Amended Plan* shall occur with the Chapter 13 Trustee at remotely by the Trustee via Zoom, how to participate:goto www.ch13pitt.com, meetings@chapter13trusteewdpa.com.

      If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: March 9, 2021

cm: Debtor(s) and/or Debtor(s)' counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Richard E. Lawrence Jr. | ) | Case No.  20-10080 TPA |
|     Debtor | ) | Chapter 13 |
| | ) | Docket No. |
| Richard E. Lawrence Jr. | ) | |
|     Movant | ) | |
|             vs. | ) | |
| | ) | |
| Ally Bank, Ally Financial, JP Morgan | ) | |
| Chase Bank NA, BP Credit Card, Behalf, | ) | |
| Bureaus Investment Group Portfolio No 15 | ) | |
| LLC, Capital One, Capital One Bank USA | ) | |
| NA, Citgo Credit Card, Citi/LL Bean, | ) | |
| Citibank, Citibank/Best Buy, Citizens Bank | ) | |
| NA, Continental Finance Company LLC, | ) | |
| Crawford County Tax Claim Bureau, Dental | ) | |
| First, Department Stores National Bank, | ) | |
| DSNB/Macy's, FedLoan Servicing, First | ) | |
| Financial Investment Fund Holdings, Giant | ) | |
| Eagle, Home Depot, JP Morgan Chase Bank | ) | |
| NA, Jefferson Capital Systems LLC, | ) | |
| Kabbage, Key Bank, Kohl's/Capital One, | ) | |
| LVNV Funding LLC, Meadville Medical | ) | |
| Center, Mercury Card, Midland Credit | ) | |
| Management Inc., NCR, KML Law Group, | ) | |
| Nordstrom FSB, Office of the United | ) | |
| States Trustee, PNC Bank Retail Lending, | ) | |
| PRA Receivables Management LLC, Paypal | ) | |
| Working Capital, Pennsylvania Department | ) | |
| Of Revenue, Portfolio Recovery Associates | ) | |
| LLC, Snap on Credit, Staples Business, | ) | |
| SYNCB/PPC, SNYCB/eBay, Synchrony | ) | |
| Bank, Synchrony Bank/Amazon, Synchrony | ) | |
| Bank/Care Credit, TD Bank USA NA, | ) | |
| Target, The Bureaus Inc., Wayfair, Ronda J. | ) | |
| Winnecour | ) | |
|     Respondents | ) | |

### NOTICE OF PROPOSED MODIFICATION TO
### CONFIRMED CHAPTER 13 PLAN DATED MARCH 6, 2020

1. Pursuant to 11 U.S.C. Section 1329, the debtor has filed an Amended Chapter

   13 Plan dated March 8, 2021 that is attached hereto. Pursuant to the Amended

   Chapter 13 Plan, the debtor seeks to modify the confirmed plan in the

   following particulars:

a. The fell behind on his plan payments. He is no longer employed at Diel Automotive.  He is still self-employed and he is currently collecting unemployment compensation. The amended Chapter 13 Plan will cure the deficient payments to the Chapter 13 Trustee.

b. PNC Mortgage filed a Notice of Mortgage Payment Change on March 8, 2021.  Because the mortgage payments fluctuate each month and Omnibus Declaration has been filed with the Court in conjunction with this amended plan.

c.  The monthly payment payable to PNC Bank is $700.88  and the arrears have been changed to agree with the Proof of Claim filed. The monthly payment, the principal balance and the interest rate have been changed to agree with the Proof of Claim filed.

d. The principal balance payable to Snap on Credit has been changed to agree with the Proof of Claim filed the interest rate will remain at 0%.

e. The principal balance and the interest rate payable to Crawford County Tax Claim Bureau have been changed to agree with the Proof of Claim.

f. The pool payable to the general, non-priority unsecured creditors will remain the same; the percentage has changed to 13%.

g. Counsel for the debtor will receive an additional $1,000.00 in attorney fees for additional work performed for a total of $3,500.00.

h. The debtor's amended monthly plan payment is 2,730.00.

2. The proposed modification to the confirmed plan will impact the treatment of the claims to the following creditors and in the following particulars:

a. The monthly payment payable to PNC Bank NA shall be paid according to the Omnibus Declaration file with the Court.  The arrears will be paid according to the claim filed.

b.  Snap on Credit will be paid according to the claim files except for the

interest rate which will remain at 0%.

c.  The Crawford County Tax Claim Bureau will be paid according to the

claim filed.

d.  The pool payable to the general, non-priority unsecured creditors will

remain the same; the percentage has changed to 13%.

3.  The debtor submits that the reason for the modification is as follows:

a.  Refer to paragraph number one.

4.  The debtor submits that the requested modification is being proposed in good

faith, and not for any means prohibited by applicable law.  The debtor further submits

that the proposed modification complies with 11 U.S.C. Section 1322(a), 1322(b),

1325(a), and 1329, and except as set forth above, there are no other modifications sought

by way of the Amended Chapter 13 Plan.

WHEREFORE, the debtor respectfully requests that this Court enter an Order

confirming the Amended Chapter 13 Plan, and for such other relief the Court deems

equitable and just.

Respectfully submitted,


March 8, 2021                         /s/ Kenneth M. Steinberg
DATE                                 Kenneth M. Steinberg
                                     Attorney for the Debtor
                                     STEIDL & STEINBERG
                                     Suite 2830 – Gulf Tower
                                     707 Grant Street
                                     Pittsburgh, PA  15219
                                     (412) 391-8000
                                     PA I. D. No. 31244
                                     Fax No.  (412) 391-0221
                                     kenny.steinberg@steidl-steinberg.com

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | Richard<br>First Name | E.<br>Middle Name | Lawrence, Jr.<br>Last Name | |
| Debtor 2<br>(Spouse, if filing) | <br>First Name | <br>Middle Name | <br>Last Name | |

United States Bankruptcy Court for the Western District of Pennsylvania

Case number   20-10080 TPA
(if known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.

2.1   3.1   3.3   3.6   4.3   5.1

_____

# Western District of Pennsylvania
# Chapter 13 Plan Dated: March 8, 2021

## Part 1:   Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with local rules and judicial rulings may not be confirmable.  The terms of this plan control unless otherwise ordered by the court.**

In the following notice to creditors, you must check each box that applies.

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.  YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT.  THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED.  SEE BANKRUPTCY RULE 3015.  IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance.  *Debtor(s) must check one box on each line to state whether the plan includes each of the following items.  If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ○ Included | ⊙ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ○ Included | ⊙ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ○ Included | ⊙ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $ 2,950.00 per month for a remaining plan term of __60__ months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | | $2,950.00 | $0.00 |
| D#2 | $0.00 | $0.00 | $0.00 |

(Income attachments must be used by debtors having attachable income)      (SSA direct deposit recipients only)

Debtor(s)    Richard E. Lawrence, Jr.                                    Case number    20-10080-TPA

**2.2  Additional payments:**

☐ **Unpaid Filing Fees.** The balance of $ _____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

Check one.

☒ **None.** If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐ The debtor(s) will make additional  payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.3  The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.**

## Part 3:    Treatment of Secured Claims

**3.1  Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed by the trustee.  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest.  If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| PNC  Mortgage | 10143 Williamson Road Meadville, PA 16335 | $700.88 | $1,735.50 | |

Insert additional claims as needed.

**3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) will request, *by filing a separate adversary proceeding*, that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*.  For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.  If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through an adversary proceeding).

| Name of creditor | Estimated amount of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| | $0.00 | | $0.00 | $0.00 | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐ **None.**  If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☒ The claims listed below were either:

(1)  Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or

(2)  Incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| Ally Financial | 2018 Dodge Ram 3500 | $47,438.00 | 5.24% | $909.27 |
| Ally Financial (To be paid outside of plan by daughter) | 2014 Dodge Journey | $0.00 | 0% | $0.00 |
| Kabbage | Business Tools | $10,766.74 | 0% | $179.00 |
| Snap On Credit | Business Tools | $14,621.13 | 0% | $242.00 |

Insert additional claims as needed.

**3.4  Lien Avoidance.**

Check one.

☒ **None.**  If "None" is checked, the rest of Section 3.4 need not be completed or reproduced.  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b).  The debtor(s) will request, *by filing a separate motion*, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions.  The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed.  The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.  See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).  If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Collateral | Modified principal balance* | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
|  |  | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

**3.5  Surrender of Collateral.**

Check one.

☒ **None.**  If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of creditor | Collateral |
|---|---|
|  |  |

Insert additional claims as needed.

**3.6  Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| Crawford County Tax Claim Bureau | $1,095.88 | Real Estate | 9% | | 2019 |

Insert additional claims as needed.

*  The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania, and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:    Treatment of Fees and Priority Claims

**4.1  General.**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.  The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years.  It is incumbent upon the debtor(s)' attorney or debtor (if *pro se)* and the trustee to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3  Attorney's fees.**

Attorney's fees are payable to Steidl & Steinbreg_____.  In addition to a retainer of $2,000.00____ (of which $500.00____ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $3,500.00____ is to be paid at the rate of $200.00____ per month.  Including any retainer paid, a total of $_____ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee.  An additional $_____ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐    Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4  Priority claims not treated elsewhere in Part 4.**

☒    **None.**  If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

| Name of creditor | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
| | $0.00 | 0% | |

Insert additional claims as needed.

**4.5   Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐   Check here if this payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| | | $0.00 | $0.00 |

Insert additional claims as needed.

**4.6   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒   **None.**   If "None" is checked, the rest of Section 4.6 need not be completed or reproduced.

☐   The allowed priority claims listed below are based on a Domestic Support  Obligation that has been assigned to or is owed to a governmental unit and will be paid less than  the full amount of the claim under 11 U.S.C. §  1322(a)(4).  This provision requires that payments in Section 2.1 be for a term of 60 months.  See 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| | $0.00 |

Insert additional claims as needed.

**4.7   Priority unsecured tax claims paid in full.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate (0% if blank) | Tax periods |
|---|---|---|---|---|
| | $0.00 | | 0% | |

Insert additional claims as needed.

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---------|--------------------------------------------|

**5.1   Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total of $ 15,000.00    will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a **MINIMUM** of $ 15,000.00    shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is **NOT** the **MAXIMUM** amount payable to this class of creditors.  Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion.  The estimated percentage of payment to general unsecured creditors is _____13_____%.  The percentage of payment may change, based upon the total amount of allowed claims.  Late-filed claims will not be paid unless all timely filed claims have been paid in full.  Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim.  Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☒   **None.**  If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

☐   The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment.  These payments will be disbursed by the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|------------------|------------------------------|----------------------------------------------|--------------------------------------|-----------------------------------|
|                  | $0.00                        | $0.00                                        | $0.00                                |                                   |

Insert additional claims as needed.

**5.3   Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.**    These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits.  The claim payment will not change for the life of the plan.  Should the utility obtain a court order authorizing a payment change, the debtor(s) will be required to file an amended plan.  These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Name of creditor | Monthly payment | Postpetition account number |
|------------------|-----------------|------------------------------|
|                  | $0.00           |                              |

Insert additional claims as needed.

Debtor(s)   Richard E. Lawrence, Jr.                                                                    Case number   20-10080 TPA

**5.4  Other separately classified nonpriority unsecured claims.**

Check one.

☒  **None.**  If "None" is checked, the rest of Section 5.4 need not be completed or reproduced.

☐  The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

## Part 6:    Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

Check one.

☒  **None.**  If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

☐  **Assumed items. Current installment payments will be disbursed by the trustee.  Arrearage payments will be disbursed by the trustee.**

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|
| | | $0.00 | $0.00 | $0.00 | |

Insert additional claims as needed.

## Part 7:    Vesting of Property of the Estate

**7.1  Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

## Part 8:    General Principles Applicable to All Chapter 13 Plans

**8.1**    This is the voluntary chapter 13 reorganization plan of the debtor(s).  The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney.  It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan to ensure that the plan remains adequately funded during its entire term.

**8.2**    Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting.   Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3**    The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances.  The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

Debtor(s) - Richard E. Lawrence, Jr.                                                    Case number 20-10080-TPA

**8.4**   Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**   Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee.  The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court.   The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

    Level One:      Unpaid filing fees.
    Level Two:      Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments.
    Level Three:    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees,  and postpetition utility claims.
    Level Four:     Priority Domestic Support Obligations.
    Level Five:      Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
    Level Six:       All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
    Level Seven:   Allowed nonpriority unsecured claims.
    Level Eight:    Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6**   As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7**   The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004.  Proofs of claim by the trustee will not be required.  In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim.   Unless  otherwise ordered by the court, if a  secured, priority,  or specially classified creditor timely  files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object.  The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8**   Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9**   Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier.  Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released.  The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10**   The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date.  ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

## Part 9:    Nonstandard Plan Provisions

**9.1  Check "None" or List Nonstandard Plan Provisions.**

☒   **None.**  If "None" is checked, the rest of part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if the applicable box in Part 1 is checked.  Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

| Part 10: | Signatures |
|----------|------------|

**10.1 Signatures of Debtor(s) and Debtor(s)' Attorney.**

If the debtor(s) do not have an attorney, the debtor(s)  must sign below; otherwise the debtor(s)'  signatures are optional.  The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims.  False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9.  It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as a "nonstandard" term and is approved by the court in a separate order.*

X _____            X _____
Signature of Debtor 1                                              Signature of Debtor 2

Executed on                                                       Executed on
_____                    _____
MM/DD/YYYY                                                        MM/DD/YYYY


**X** /s/ Kenneth M. Steinberg _____            Date  3/8/2021 _____
Signature of debtor(s)' attorney                                        MM/DD/YYYY